# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | | |
|---|---|---|
| FREIDA L. MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:18-cv-02342-TLP-tmp |
| v. | ) | |
| | ) | JURY DEMAND |
| MEGAN J. BRENNAN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION AND TRANSFERRING THIS ACTION TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

United States Magistrate Judge Tu M. Pham issued a Report and Recommendation in this matter, recommending that this action be transferred because the Western District of Tennessee is an improper venue to adjudicate Plaintiff's claims. (ECF No. 5 at PageID 52–53.) To this point, the R&R recommends that the Court transfer this action to the United States District Court for the District of Colorado under § 1406(a)—the District in which both parties reside and where the operative facts of this action occurred. *See* 28 U.S.C. § 1406(a) ("[T]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district of division in which it could have been brought."); (ECF No. 5 at PageID 52–53); (ECF No. 1 at PageID 2, 7–16, 24–26.) This Court agrees.

According to the R&R,

> Neither the complaint nor any of the documents submitted by [Plaintiff] reveal any connection to Tennessee generally, or the Western District of Tennessee specifically . . . .  As far as the court can tell, the complaint lists events that occurred exclusively in Colorado.  The court is unaware of any connection to [the Western District of Tennessee] such that venue would be proper here."

(ECF No. 5 at PageID 52–53.)[1]

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2).  Plaintiff did not file an objection to the R&R, and the time for filing objections expired on May 29, 2018.  *See* Fed. R. Civ. P. 5(b)(2), 6(d), 72(b)(2).

"When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b) advisory committee note.  On review, the Court finds that there is no clear error.  Quite to the contrary, the R&R is well-reasoned and correct.  So, this Court hereby ADOPTS the R&R in its entirety and TRANSFERS this action under § 1406(a).  The Clerk shall order the transfer of this action to the District of Colorado.  This case shall be closed without an entry of judgment.

**SO ORDERED**, this 29th day of June, 2018.

s/ Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

---

[1] The R&R also notes, and the Court agrees, that Plaintiff filed a similar lawsuit against the same Defendant in the District of Colorado, that is currently on appeal to the Tenth Circuit. *See* Order of Dismissal, Mitchell v. Brennan, No. 1:17-cv-02216-LTB (D. Colo. Mar 1, 2018), *appeal docketed*, No. 18-1102 (10th Cir. Mar. 19, 2018).